UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHERA ANN SIMPSON
    PLAINTIFF,　　　　　　　　　　　　　:CASE NO. 3:02CV1471 (MRK)

VS.

PATRICIA DE NARDO, NEIL
O'LEARY, EDWARD D.
FLAHERTY, DAVID BALNIS,
DETECTIVE ROBLES, AND
MARK DEAL,
    DEFENDANTS　　　　　　　　　　　　: OCTOBER 28, 2003

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, PATRICIA DENARDO'S MOTION FOR SUMMARY JUDGMENT

I. **Preliminary Statement**

This is a 42 U.S.C. Section 1983 action filed by the Plaintiff, Chera Ann Simpson against five officers of the Waterbury Police Department and Patricia DeNardo. The Plaintiff claims that the Defendant, DeNardo acting under color of law and in concert with the five Waterbury Police Officers, deprived her of certain rights and privileges guaranteed by the Constitution of the United States.

4

On April 21. 2001, the Patricia DeNardo, parked her vehicle in a handicapped parking space a the Brass City Mall in Waterbury, Connecticut. The defendant's vehicle displayed a handicapped parking permit. After parking her car the defendant, DeNardo, accompanied by her 6 year old granddaughter proceeded to go toward the mall when she was accosted by the plaintiff, operating her vehicle, who voiced her objection to the defendant parking in that space.

The defendant, DeNardo attempted to explain to the plaintiff, that she possessed a handicapped permit and that she would move her car after picking up a package at the store in the mall. While standing next to the plaintiff's car in attempting to explain the situation and to placate the plaintiff, the plaintiff escalated the argument and called the Waterbury Police Department. As a result of this altercation, both women were arrested and the State's Attorney refused to prosecute either women and the criminal complaints were dismissed. Exhibit "B"

5

**RUBENS & LAZINGER** • *ATTORNEYS AT LAW*
295 CONGRESS STREET • P. O. BOX 1555 • BRIDGEPORT, CT 06601 • 368-2515 • NO. 52120

When ruling on a motion for summary judgment, the court must respect the province of the jury. The court, therefore, may not try issues of fact. See, e.g. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Donahue v. Windsor Locks Board of Fire Comm'rs*, 834 F.2d 54, 58 (2d Cir. 1987); *Heyman v Commerce 7 Indus. Ins. Co.* 524 F. 2d 1317, 1319-20 (2d Cir. 1975). It is well-established that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of the judge." *Anderson* 477 U.S. At 255. Then, the trial court's task is "carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined ... to issue-finding; it does not extend to issue-resolution." *Gallo*, 22 F.3d at 1224.

Summary judgment is inappropriate only if the issue to be resolved is both genuine and related to a material fact. Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. An issue is

7

RUBENS & LAZINGER   •   ATTORNEYS AT LAW
295 CONGRESS STREET   •   P. O. BOX 1555   •   BRIDGEPORT, CT 06601   •   368-2515   •   NO. 52120

"genuine...if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248 (internal quotation marks omitted). A material fact is one that would "affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. As the Court observed in *Anderson*: "[T]he materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Id*. at 248. Thus, only those facts that must be decided in order to resolve a claim or defense will prevent summary judgment from being granted. When confronted with an asserted factual dispute, the court must examine the elements of the claims and defenses at issue on the motion to determine whether a resolution of that dispute could affect the disposition of any of those claims or defenses. Immaterial or minor facts will not prevent summary judgment. See *Howard v. Gleason Corp.*, 901 F.2d 1154, 1159 (2d Cir. 1990).

8

When reviewing the evidence on a motion for summary judgment, the court must "assess the record in the light most favorable to the non-movant and ... draw all reasonable inference in its favor." *Weinstock v. Columbia Univ.*, 224 F. 3d 33, 41 (2d Cir. 2000) (quoting *Del. & Hudson Ry. Co. V. Consol. Rail Corp.*, 902 F. 2d 174, (2d Cir. 1990) ). Because credibility is not an issue on summary judgment, the nonmovants's evidence must be accepted as true for purposes of the motion. Nonetheless, the inferences drawn in favor of the nonmovant must be supported by the evidence. "[M]ere speculation and conjecture" is insufficient to defeat a motion for summary judgment. *Stern v. Trs. Of Columbia Univ.*, 131 F. 3d 305, 315 (2d Cir. 1997)  (Quoting *W. World Ins. Co. V Stack Oil, Inc.*, 922 F.2d 118, 121 (2d. Cir. 1990) ). Moreover, the "mere existence of a scintilla of evidence in support of the [nonmovant's] position" will be insufficient; there must be evidence on which a jury could "reasonably find" for the nonmovant. *Anderson*, 477 U.S. at 252.

9

Finally, the nonmoving party cannot simply rest on the allegations in its pleadings since the essence of summary judgment is whether a genuine issue of material fact exists. See *Celotex Corp.*, 477 U.S. at 324. "Although the moving party bears the initial burden of establishing that there are no genuine issues of material fact," *Weinstock*, 224 F.3d at 41, if the movant demonstrates an absence of such issues, a limited burden of production shifts to the nonmovant, which must "demonstrate more than some metaphysical doubt as to the material facts , ... [and] must come forward with specific facts showing that there is a genuine issue for trial. " *Aslanidis v. United States Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993) (quotation marks, citations and emphasis omitted). Furthermore, "unsupported allegations do not create a material issue of fact." *Weinstock*, 224 F.3d at 41. If the nonmovant fails to meet this burden, summary judgment should be granted. The question then becomes whether there is sufficient evidence to reasonably expect that a jury could return a verdict in favor of the nonmoving party. See *Anderson*, 477 U.S. at 248, 251.

10

**RUBENS & LAZINGER** • *ATTORNEYS AT LAW*
295 CONGRESS STREET • P. O. BOX 1555 • BRIDGEPORT, CT 06601 • 368-2515 • NO. 52120

III.   **Discussion - 42 U.S. C. Sec . 1983**

To state a claim under Section 1983 against the plaintiff, Patricia DeNardo, the Plaintiff must allege that the defendant while acting under color or state law deprived her of a federal constitutional or statutory right. *Am. Mfrs. Ins. Co. V. Sullivan*, 526 U.S. 40, 49-50 (1999).

A.   The defendant at the time of the incident giving rise to this law suit was not a state actor . She was a private employee of the Waterbury AIDS Outreach Ministries that provides spiritual and emotional support for persons living with HIV/AIDS. Exhibit "D".

In order to placate the plaintiff, the defendant, Patricia DeNardo underwent tests to convince the plaintiff that she was not HIV positive. And, although the plaintiff had agreed to withdraw her complaint against the defendant, DeNardo, upon being assured she was not HIV positive, she reneged on that agreement. Exhibit "G" .

11

B.  **Acting In Concert**

The plaintiff in her complaint claims that the defendant, DeNardo acted in concert with the defendant, Police Officers to violate her constitutional rights. To support this contention the plaintiff in paragraph 4 of her complaint alleges that the defendant, DeNardo is the aunt of the defendant, Police Officer Deal. In responses to requests to admit, the defendant, DeNardo and the defendant, Deal deny that any relationship exists between them. The plaintiff has produced no evidence to prove any relationship exists between them, and, in fact, no such relationship does exist. Exhibit "A". Pages 166-167.  Exhibit "E" & "F".

The plaintiff at her deposition was asked about the claim that Mrs. DeNardo conspired with the police officers and responded that at the scene the defendant, DeNardo was on the cell phone and supposedly contacted Police Officer Deal. The plaintiff, then admitted that she did not

12

know to whom the call was made and that she assumed it was to the police. Page 172-174 Exhibit "A". As a matter of fact, the plaintiff admitted that the Waterbury Police did arrest the defendant, DeNardo as a result of her complaint. Page 175 Exhibit "A".

On October 3, 2003 the deposition of John Maia, an inspector attached to the State's Attorney's Office in Waterbury was taken. Mr. Maia testified that because of a complaint sent to State's Attorney Connelly by the plaintiff, he was ordered to conduct an investigation. Mr. Maia testified that as a result of his investigation of the complaint he found no problems concerning the Waterbury Police Department. Pages 15-17 Exhibit "C".

In addition, Mr. Maia testified that as a result of his investigation he found no evidence of a conspiracy among the Waterbury Police Department and Mrs. DeNardo to deny the plaintiff, Simpson of any civil rights. Page 41-43, 46 Exhibit "C".

13

## IV. Conclusion

The defendant, Patricia DeNardo respectfully requests that her motion for Summary Judgment be granted. The plaintiff has presented no evidence that the defendant, DeNardo, acted under color of law or acted in concert with any of the co-defendants to deny her any constitutional rights.

THE DEFENDANT, PATRICIA DeNardo

BY *[signature]*
Raymond B. Rubens
RUBENS & LAZINGER
295 Congress Street
P.O. Box 1555
Bridgeport, Connecticut 06601-1555
203-368-2515
Federal Bar No. CT 05869

14

## CERTIFICATION

This is to certify a copy of the foregoing has been sent via first class mail, postage prepaid, to the following parties and counsel of record:

John R. Williams, Esq.
Williams & Pattis LLC
51 Elm Street
New Haven, CT 06510

Christopher G. Arciero, Esq.
Sacks, Spector & Kaston
836 Famington Ave, Suite 221
West Hartford, CT 06119


_____
Raymond B. Rubens
Commissioner Superior Court

15