02 1471 STATEMENTS A

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Chera Ann Simpson<br>Plaintiff, | : | CIVIL ACTION NUMBER |
| VS. | : | 3:02CV1471 (RNC) |
| Patricia Denardo, Neil O'Leary,<br>Edward D. Flaherty, David Balnis,<br>Detective Robles, and Mark Deal,<br>Defendants. | : | JANUARY 24, 2003 |

## PLAINTIFF'S RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the defendants, hereby request the plaintiff, Chera Ann Simpson, to answer the following:

## INTERROGATORIES

1.  State the name(s), age(s) and address(es) of all witness(es) to the incident set forth in the complaint and indicate each witness from whom a written or recorded statement has been obtained by you, your agent or your attorney.

**ANSWER:**

**Richard Lissandrello, Edwards Street, Waterbury, CT, age: approximately 58.**

2.  State the name and address of each individual the plaintiff expects to call as an expert witness and state for each:

   a.  the subject matter on which the expert is expected to testify;

   b.  the substance of the facts and opinions the expert is expect to testify; and

   c.  a summary of the grounds for each opinion.

**ANSWER:**

**My attorney has not determined whether he will call an expert in this case.**

3. Identify and list each injury or condition you claim to have sustained as a result of the incident alleged in your complaint and when, where and from whom did you first receive treatment for said injuries.

**ANSWER:**

**Bruises and scratches to face, shoulder, arm and neck. Due to Pat Denardo suggesting she had AIDS, it was recommended I have preventative treatment which I was unable to due to my gastroparesis. I did have to take an AIDS test and a series of hepatitis injections. Treatment was rendered by Waterbury Hospital Emergency Room and Dr. Drew Edwards.**

4. State the name and addresses of the medical care provider whom you last consulted for any injury or condition alleged in the complaint and the date thereof, and whether you are presently under the care of any doctor for any injury or condition alleged in the complaint and if so, state the name and address of each doctor.

**ANSWER:**

**Dr. Drew Edwards, Summit Road, Prospect, CT, approximately six months after assault for final hepatitis vaccination. I need to return to a physician in one year for a follow-up AIDS test, but have not done so yet due to my fear of actually having been infected with AIDS by Ms. Denardo.**

5. If you had any bruises, marks or cuts on your body as a result of the incident alleged in your complaint, describe the same and the parts of your body affected in detail.

**ANSWER:**

**Arm, shoulder, neck and face. Multiple bruises, scratches and what was possibly a bite mark, according to the Emergency Room doctor.**

6. If you rely upon any prior incident(s) of alleged police misconduct in support of your claims, state the date of each such incident, the nature of each such incident, the name and address of each officer involved and the police Department within which he or she is affiliated.

**ANSWER:**

**No, not applicable.**

7. At the time of the incident giving rise to this lawsuit, state whether you physically resisted Ms. Denardo

**ANSWER:**

**Yes. I tried to push her out of my car's open window but this was very difficult due to my being seat-belted in and due to my health problems.**

8. If you claim you are not fully recovered, state precisely from what injuries or conditions you are presently suffering.

**ANSWER:**

**I need to have a follow-up AIDS test, which I have not done due my fear that I have been infected with AIDS as Ms. Denardo suggested.**

9. Do you claim any present disability resulting from injuries or conditions sustained as a result of the incident alleged in your complaint? If so, state the nature of the disability claimed.

**ANSWER:**

**None at this time, unless it is determined that she has AIDS and infected me.**

10. Give a detailed description of the events and circumstances surrounding your claim that the defendants falsely arrested you.

**ANSWER:**

**When the first officer arrived, a female officer, she immediately saw my facial injuries and questioned Ms. Denardo. Ms. Denardo was in her car making a call when the officer's police radio said another call was coming in from the mall. The officer then told Ms. Denardo to hang up her phone and get out of the car. The officer then proceeded to tell her she was under arrest. She was just placing the handcuffs on her when an unmarked car with a plainclothes man parked a good way away and motioned for the officer. I did not find out until later it was Lt. Deal. He never spoke to or identified himself to me. I was then told that if I**

wanted to file a report I would have to go to the police station and Ms. Denardo was un-arrested. They took my statement but refused to take my witnesses's statement. I insisted and they said he would have to write it himself because he was a biased witness and they would not take it. He did deliver his statement and have it notarized since the police refused to take it, yet the arrest warrant refers to it as though it was prepared by my witness on his own, when it was done due to their refusal to do so.

The following day I was first told by Lt. O'Leary that Ms. Denardo was a wonderful person and I should not press charges. I asked him how he knew how great she was and why he cared and he refused to answer. I then insisted he file charges with the statement I signed. He then called during that week and threatened me that if I did not drop the charges he would see to it that she had me arrested too.

I was then told more than 7 or 8 weeks later by Mr. Mia at the courthouse that a warrant had been signed for my arrest and Mr. Mia offered to meet me at the police station so the police did not come to my home to make it more difficult for me, as he though would occur. Mr. Mia was then asked to leave and I was searched in front of male officers and put in a cell for a very long time. When after more than an hour had passed (I had no watch, they took it from me) I told the warden I was having trouble breathing and I was a diabetic and I needed either my medication or to get medical help. She informed me that if I dare to request medical help she would see to it I was there much longer than when I returned from the hospital. So I just waited and hoped my condition would not get worse. She also said I could not have my medication because they had spilled all over my purse (most likely when they searched it) and that if I said a word they would arrest me again, this time for not having medication properly marked and labeled.

Ms. Denardo's statement was totally untrue and when I asked the officer to interview the child the day after the incident he refused.

    11.     List each item of special damage, loss and expense which you claim resulted from the alleged incident, including but not limited to hospital and medical expenses, lost earnings, household and other help at home and in business and property damage, and state the name and address of the organization or person to whom each item of expense was paid or is payable.

**ANSWER:**

**Damage to my car when I continued to push the defendant out of the window and roll up the window. Waterbury Hospital bill, Dr. Edwards' bill, Hepatitis vaccinations and AIDS test.**

12.  If you were employed or self-employed at the time of the incident set forth in your complaint, please provide the following information:

   a.  the name and address of your employer and your average weekly or monthly earnings at the time of the incident set forth in your complaint;

   b.  the period of time including relevant dates, during which you allege you were prevented form carrying on your usual occupation; and the actual total loss in dollars of earning as a result of the incident set forth in your complaint.

**ANSWER:**

**No, not applicable.**

13.  State whether any photographs were taken of the scene of the occurrence, the injuries, or any other matter described in your complaint, and the date it was taken.

**ANSWER:**

**The police took photos that day at the police station and I took photos, also.**

14.  If within a twelve (12) hour period immediately prior to the date and time of the incident set forth in your complaint, you ingested or utilized any alcoholic beverages, pharmaceuticals, narcotics or drugs, identify the type and amount of each substance and the time it was ingested.

**ANSWER:**

**Relan, 10 mg;**
**Levothroid, 1.50 mg;**
**Pepcid, 20 mg.**

15.  As referenced in Paragraph 13 of your complaint, describe the specific words in the arrest warrant application that you claim are false and misleading.

**ANSWER:**

Please see response to interrogatory number 10. Also, the police claim several times I added different things to my statement. When I gave my statement I was upset and shaking and injured. I just wanted to get medical treatment and, unlike Ms. Denardo, I did not have a week to prepare so mine was truthful. I also feel referring to a pre-typed witness statement when the police refused to take a statement is misleading.

16. If you have ever been a plaintiff or complainant in any suit or administrative proceeding in which you allege that a police officer violated any of your rights as a citizen, please state:

    a. name and address of each police officer so charged;

    b. date and court or administrative proceeding of each such action.

**ANSWER:**

**No, not applicable.**

17. Please state the name of any member of the Waterbury Police Department you spoke to regarding the incident and the nature of your conversation.

**ANSWER:**

**Lt. O'Leary called my home several times to ask me to drop charges and when I refused he threatened to arrest me. I also spoke to a supervisor whose name I do not recall and the detective who took my statement as well as the officer in the superintendent's office where I asked how to file a complaint.**

18. Did you take any photographs of your alleged injuries or damage to your property?

**ANSWER:**

**Yes, I only took photographs of the injuries to my face.**

19. As referenced in Paragraph 8 of your complaint, please describe what actions were taken by the Waterbury Police officer when Ms. Denardo was arrested?

**ANSWER:**

Ms. Denardo was told she was under arrest and was being handcuffed when an unmarked car with a man in plain clothes pulled up and parked quite a distance away. He motioned for the officer and spoke to her for a while. Then Ms. Denardo was un-arrested and I was told I had to go to the police department to file a complaint if I wanted to press charges. I did not find out until later the next day that this was Lt. Deal. He never spoke with me or identified himself.

20. Please state the exact location where you claim Ms. Denardo scratched you.

**ANSWER:**

She scratched and hit me on the shoulder, neck and arm on the left side of my body.

21. Please describe Ms. Denardo's actions that support your claim that she "assaulted" you.

**ANSWER:**

My witness and I began to drive away and then stopped the car to get her license plate number. She had run after my car and as I was writing and not looking she grabbed the left side of my face and started scratching and hitting me. This continued until I was able to get her out of my car and roll up the window and call 911. While I was on the phone with 911 she continued to try to break into my car.

22. Please state the nature and extent of your claimed pre-existing disability.

**ANSWER:**

I suffer from the following:

1. Idiopathic gastroparesis for which I have had numerous surgeries;
2. Diabetes and Grave's Disease (received radiation treatment for Grave's Disease;
3. Hypokalemia and Hypoatremia;
4. Mitpal valve prolapse and Supra ventricular tachycardia;
5. Severe COPD;
6. Restless leg syndrome and periodic limb movement disorder;
7. Chrondromalacia;
8. Iron deficiency anemia for which I receive iron transfusions;

9.  Vitamin B-12 deficiency;
10. Nephrolithiasis;
11. Anti-phospholipid Antibody Syndrome.

**VERIFICATION**

I, **Chera Ann Simpson**, hereby certify that I have reviewed the above interrogatories and responses thereto and that they are true and accurate to the best of my knowledge and belief.

*Chera Ann Simpson*

Subscribed and sworn to before me this 23rd day of January, 2002.

Notary Public/Commissioner
of the Superior Court

Exp. 12-31-2003