UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CHERA ANN SIMPSON

    VS.                                                    CIVIL 3:02CV1471(MRK)

PATRICIA DENARDO, ET AL

RULING ON DEFENDANTS' BILL OF COSTS

    Judgment entered for the defendants on August 2, 2004, after a ruling entered granting defendants O'Leary, Flaherty, Balnis, Robles and Deal's motion for summary judgment. Defendants O'Leary, Flaherty, Balnis, Robles and Deal filed a Motion for Taxation of Costs on September 10, 2004. Plaintiff filed an objection on September 13, 2004 and a Supplementary Memorandum in Opposition to Bill of Costs on September 15, 2004. Defendants filed a Reply to Objection on September 16, 2004 and a Reply to Supplementary Memorandum on September 17, 2004. For the reasons stated below, the defendants' bill of costs is granted in part and denied in part.

    A.   <u>FEES OF THE CLERK & MARSHAL</u>: Defendants submit a claim for service fees of the deposition subpoena served upon Richard Lissandrello in the amount of $40.80 which is allowed.

    B.   <u>FEES FOR COURT REPORTER</u>: Defendants are entitled to costs for an original and one copy of a transcript and any court reporter attendance fees, to be taxed at the prevailing page rate pursuant to Local Rule 80. Pursuant to Vol. VI, Chap. XX of the "Guide to Judiciary Policies and Procedures", maximum transcript

rates for an original and one copy are $3.75 per page.  Postage and handling and charges for delivery of transcripts are not recoverable as costs, <u>Wahl v Carrier Mfg. Co., Inc.</u> 511 F.2d 209, 217 (7th Cir.,1975).  Deposition transcripts are taxable if used at trial in lieu of live testimony, for cross-examination, for impeachment, or in support of a successful motion for summary judgment pursuant to Local Rule 54(c)2(ii).

Defendants submitted a claim for the deposition transcripts of the plaintiff, Chera Ann Simpson, held on May 2, 2003, in the amount of $455.05 and held on September 9, 2003, in the amount of $420.55.  These claims are reduced to $434.05 and $415.80, respectively, eliminating the charges for postage.

Defendants submitted a claim for the deposition transcript of Richard Lissandrello held on June 27, 2003, in the amount of $383.50.  This claim is reduced to $379.30, eliminating the charge for postage.

Defendants submitted a claim for the deposition transcript of John Maia held on October 3, 2003, in the amount of $347.55.  This claim is reduced to $342.80, eliminating the charge for postage.

Defendants submitted a claim for the state criminal proceeding held on Sepgember 10, 2001 in the amount of $5.25 which is allowed.

The total claim for court reporter's fees is allowed in the amount of $1,577.20.

C <u>WITNESS FEES:</u>  Witness fees for attendance at a deposition are taxable if the deposition is a taxable costs, Local Rule 54(c)4(i).  Defendants submitted claims for witness and mileage fees totaling $110.00. The claim for witness/mileage fees for Richard Lissandrello and John Maia are reduced to $40.00 each for a total of $80.00.

Since there is no indication as to the number of miles traveled, mileage is disallowed without prejudice to renewal within ten days upon the submission of documentation reflecting the number of miles traveled.

D. <u>SUMMARY</u>:   For the reasons previously stated, the defendants' bill of costs is allowed as follows:

| | |
|---|---|
| FEES OF CLERK & MARSHAL | $    40.80 |
| FEES FOR COURT REPORTER | 1,577.20 |
| WITNESS FEES | 80.00 |
| TOTAL | $ 1,698.00 |

Pursuant to Local Rule 54(d), the parties may appeal this decision to the presiding judge within five days of the entry of this ruling.

Dated in New Haven, Connecticut, this 4th day of October, 2004.

KEVIN F. ROWE, CLERK

BY:
    Lori Inferrera
    Deputy-in-Charge