UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHERA ANN SIMPSON | : |
| | : |
| V. | :   NO. 3:02CV1471(MRK) |
| | : |
| PATRICIA DENARDO, | : |
| NEIL O'LEARY, EDWARD D. | |
| FLAHERTY, DAVID BALNIS, | : |
| DETECTIVE ROBLES and | : |
| MARK DEAL | : |

## RULING AND ORDER

Presently pending before the Court is Plaintiff's Appeal [doc. # 53] from the Clerk's Ruling dated October 4, 2004 taxing costs in favor of the Defendants in the amount of $1,698.00 [doc. # 52]. Under Rule 54(d)(1) of the *Federal Rules of Civil Procedure* "costs other than attorneys' fees shall be allowed as of course to the prevailing party." The Defendants are the prevailing parties and Plaintiff does not contest the reasonableness or the amount of costs taxed. Rather, Plaintiff argues that she should be excused from the obligation to pay costs because of her financial condition. At the request of the Court [doc. # 55], Plaintiff submitted an Affidavit of Poverty [doc. # 57], in which she states that she is "unable, because of [her] poverty, to pay costs in this action," and she provides information demonstrating her impoverished financial condition. However, Plaintiff did post a cash bond in the amount of $500 [doc. # 21] at the outset of this action.

Except when a federal statute or rule dictates otherwise, Rule 54(d) vests courts with sound discretion in the award of costs. *See, e.g., Remington Products, Inc. v. North American Philips, Corp.,* 763 F. Supp. 683, 686 (D. Conn. 1991) (citing *McDonnell v. American Leduc*

1

*Petroleums, Ltd.,* 456 F.2d 1170, 1188 (2d Cir. 1972)); 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2668, at 228 (3d ed. 1998). While the Sixth Circuit, for one, has held that a litigant's poverty is not a proper factor to consider when taxing costs, *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 731 (6th Cir. 1986), the better view appears to be that a district court may, but need not automatically, exempt a losing indigent party from the responsibility of paying costs. *See, e.g.*, *In re Paoli Railroad Yard PCB Litigation*, 221 F.3d 449, 464 (3d Cir. 2000). *See generally* L. Bartell, *Taxation of Costs and Awards of Expenses in Federal Court*, 101 F.R.D. 553 (1984).

In exercising its discretion to tax costs, however, a district court should bear in mind that "Rule 54(d) allows costs 'as of course' [and] such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001) (citing *Mercy v. County of Suffolk*, 748 F.2d 52, 54 (2d Cir. 1984)). Typically, denial of costs to a prevailing party "is a penalty for some defection on his part in the course of the litigation . . . for example . . . calling unnecessary witnesses, bringing unnecessary issues or otherwise encumbering the record." *Remington*, 763 F. Supp. at 687-88 (citing *Chicago Sugar Co. v. American Sugar Ref. Co.*, 176 F.2d 1, 11 (7th Cir. 1949)). As a consequence, courts have routinely awarded costs even when – unlike in the present case – the plaintiff has been given leave to proceed *in forma pauperis*. *See, e.g., Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001) ("in forma pauperis status will not by itself provide an automatic basis for denying taxation of costs against an unsuccessful litigant"); *Smith v. SEPTA*, 47 F.3d 97, 100 (3d Cir. 1995); *Washington v. Patlis*, 916 F.2d 1036, 1039 (5th Cir. 1990); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981); *Everett v. Tisch*, No. 85-

4083-R, 1989 WL 103749, *1-2 (D. Kan. Aug. 21, 1989).

In this case, Plaintiff has not suggested that any conduct of the Defendants warrants reduction of the costs taxed to Plaintiff. Nor is the Court convinced that Plaintiff's financial condition alone should exempt her from the "normal incident[s] of civil litigation." *Mercy*, 748 F.2d at 54. *See also Chevrette v. Marks*, 558 F. Supp. 1133, 1135 (M.D. Pa. 1983). As is apparent from the Court's decision granting Defendant's summary judgment, this dispute over a parking space at a shopping mall should never have escalated into litigation in the first place. Cooler heads should have prevailed. In those circumstances, the Court does not believe it would be fair or appropriate to shift the costs of this litigation onto the prevailing Defendants merely because of Plaintiff's present financial condition.

Accordingly, the Court DENIES Plaintiff's Appeal From Taxation of Costs [**doc. # 53**].

                                 IT IS SO ORDERED,


                           /s/      Mark R. Kravitz
                          United States District Judge

Dated at New Haven, Connecticut: November 22, 2004.